UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :

-vs-                            :   3:CR-05- 326

MARTIN KELLY,                   :
          Defendant

# INDICTMENT

THE GRAND JURY CHARGES:

FILED
SCRANTON
AUG 2 3 2005
PER _____
           DEPUTY CLERK

### Count 1

Beginning in or about September 2002, and continuing to the present, in Schuylkill and Columbia Counties, Pennsylvania, within the Middle District of Pennsylvania, and elsewhere, the Defendant,

**MARTIN KELLY,**

did knowingly and intentionally combine, conspire, confederate and agree with other persons, both known and unknown to the Grand Jury, to commit the following offenses against the United States, namely, to knowingly, intentionally and unlawfully distribute, and possess with intent to distribute, cocaine, a schedule II controlled substance, marijuana, a schedule I controlled substance, and methylenedioxymethamphetamine (MDMA, ecstasy), a schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1).

### MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to

accomplish the objectives of the conspiracy included, among others, the following:

1. The defendant and/or his co-conspirators obtained liquid ecstasy (MDMA) and precursor chemicals to manufacture ecstasy (MDMA), and used a computer to purchase paraphernalia and to get instructions for manufacturing ecstasy (MDMA). The defendant and/or his co-conspirators obtained cocaine and marijuana from unknown suppliers.

2. After the controlled substances were obtained, the defendant and/or his co-conspirators distributed the controlled substances to others located in Schuylkill and Columbia Counties, Pennsylvania, and elsewhere, in return for money or other valuable consideration.

3. The defendant and/or his co-conspirators hosted parties at which the controlled substances were distributed.

All in violation of Title 21, United States Code, Section 846.

THE GRAND JURY FURTHER CHARGES:

## Count 2

On or about February 17, 2005, in Columbia County, Pennsylvania, within the Middle District of Pennsylvania, the Defendant,

**MARTIN KELLY,**

aiding and abetting others, and aided and abetted by others, did knowingly, intentionally and unlawfully possess with intent to distribute methylenedioxymethamphetamine (MDMA, ecstasy), a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a) (1) and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

## Count 3

On or about February 17, 2005, in Columbia County, Pennsylvania, within the Middle District of Pennsylvania, the Defendant,

**MARTIN KELLY,**

aiding and abetting others, and aided and abetted by others, did knowingly, intentionally and unlawfully possess a listed chemical, namely methylenedioxyphenyl-2-propanone, with intent to manufacture methylenedioxymethamphetamine (MDMA, ecstasy), a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(c)(1) and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

## Count 4

1. The Grand Jury hereby incorporates by reference, as though fully set forth herein, Counts 1 through 3 of this Indictment.

2. From his engagement in the above-described controlled substance offenses, the defendant shall forfeit to the United States any and all interest in property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violations charged in this Indictment; and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of these violations alleged in Counts 1 through 3, including but not limited to the following:

    A.    United States Currency in the amount of $33,700.

    B.    United States Currency in the amount of $10,000.

3. In the event that any property involved in the offenses described in this Indictment or any property traceable to such property, as a result of any act or omission of the defendant:

    (1)    cannot be located upon exercise of due diligence;

    (2)    has been transferred or sold to, or deposited with, a third party;

    (3)    has been placed beyond the jurisdiction of the court;

    (4)    has been commingled with the other property which cannot be divided without difficulty,

the forfeiture of any other property of the defendant, up to the amount of the value of the forfeitable property, is demanded to be forfeited to the United States pursuant to Title 21, United

States Code, Section 853.

**A TRUE BILL**

August 23, 2005
DATE

_T. A. Marino_
THOMAS A. MARINO
United States Attorney